IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| JOHNNY AL HUNTER, #609870 | § | |
| VS. | § | CIVIL ACTION NO. 4:11cv828 |
| HON. VERLA SUE HOLLAND, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Johnny Al Hunter, an inmate confined in the Ramsey Unit of the Texas prison system, proceeding *pro se* and seeking to proceed *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against the Hon. Verla Sue Holland, Thomas S. O'Connell, Jr., Donald R. McDermitt and John L. Schomburger. The complaint was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

The original complaint was filed on December 7, 2011. The Plaintiff alleges that he was convicted in two separate cases in Collin County, Texas: case numbers F87-287-SH and 296-80573-91. *See* Complaint at 4. He further alleges that Defendant Judge Holland presided over both cases, which were both prosecuted under Defendant District Attorney O'Connell, though Defendant Schomburger was the Assistant District Attorney who actually prosecuted the second case at trial. *Id*. He further alleges that Defendant McDermitt was his court-appointed defense counsel in the second case. *Id*. He alleges that his convictions violated due process and were illegal because of a sexual relationship between Defendants Holland and O'Connell. *Id*. at 4-4a (docket PageID #s 4-5).

1

He appears to claim that Defendant Schomburger is liable as the prosecuting ADA because of he relationship between his superior, DA O'Connell, and the trial judge. *Id*. He further claims that Defendant McDermitt failed to investigate his first conviction, asserting that "court records would have shown that Plaintiff was not guilty of that offense," Complaint at 4a (PageID #5), and that the first conviction was used improperly to enhance his penalties in the second conviction. He also offers copies of a number of newspaper articles dated in or about 2008 regarding the relationship between Defendants Holland and O'Connell, *see* Exs. A-D, and documents relating to his second conviction, *see* Ex. E-H. He seeks monetary damages, asserting that he "has been illegally confined for the last 18 years 6 months . . . ." Complaint at 4 (pageID #4). Therefore, his claims attack the fact and legality of Plaintiff's incarceration.

"When a state prisoner attacks the fact or length of his confinement, the appropriate cause of action is a petition for habeas corpus, even though the facts of the complaint might otherwise be sufficient to state a claim under § 1983." *Caldwell v. Line*, 679 F.2d 494, 496 (5th Cir. 1982) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); *see also Barze v. Bennett*, 2009 WL 1649479, at *1 (E.D. La. June 8, 2009). The Supreme Court has also held that a civil rights plaintiff challenging the legality or length of his incarceration does not have a cause of action unless and until he is successful in challenging the fact or length of his incarceration, such as in habeas corpus proceedings. *Heck v. Humphrey*, 512 U.S. 477, 489-90, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). "'[W]here the basis of the claim goes to the constitutionality of the state court conviction', habeas corpus is the exclusive cause of action . . . ." *Caldwell*, 679 F.2d at 496 (quoting *Fulford v. Klein*, 529 F.2d 377, 381 (5th Cir. 1976), *adhered to en banc*, 550 F.2d 342 (5th Cir. 1977) (en banc) (per curiam)).

Since the Plaintiff is attacking both the fact and the legality of his incarceration, he should seek relief via a petition for a writ of habeas corpus, as opposed to a civil rights complaint. The instant lawsuit should therefore be dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Fifth Circuit raised one additional factor in *Heck* situations for courts to consider in *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994) (per curiam). The Fifth Circuit held "that it remains appropriate for district courts to consider the possible applicability of the doctrine of absolute immunity, . . ." *Id.* at 284.

In this case, Judge Holland is entitled to absolute judicial immunity. There are only two instances in which judicial immunity does not apply: 1) when the judge was not acting in his judicial capacity; and 2) when the judge acted in complete absence of jurisdiction, even if the actions were judicial in nature. *See Green v. Mallia*, 2010 WL 4347592, at *2 (5th Cir. Nov. 1, 2010) (per curiam). Plaintiff has not alleged either circumstance here.

Further, although Plaintiff complains of a relationship between the presiding judge and the DA, he has not alleged any conduct on either the DA or the ADA's parts that were not associated with the prosecution of the case. "[A]bsolute immunity applies when a prosecutor prepares to initiate a judicial proceeding[.]" *Van de Kamp v. Goldstein*, 129 S. Ct. 855, 861 172 L. Ed. 2d 706 (2009). As the Fifth Circuit has stated:

> To determine the scope of a prosecutor's absolute immunity from § 1983 liability, we ignore formal labels of identity and ask (1) whether, at the time of § 1983's enactment, the practical function of the conduct at issue merited absolute immunity, and (2) whether, at present, absolute immunity for the conduct at issue is necessary to advance the policy interests that justified the common law immunity. Under these principles, prosecutorial immunity extends to conduct that is intimately associated with the judicial phase of the criminal process, but not to those investigatory functions that do not relate to an advocate's preparation for the

3

> initiation of a prosecution or for judicial proceedings[.] In other words, prosecutorial immunity protects the advocate's role in evaluating evidence and interviewing witnesses as he prepares for trial, but not the detective's role in searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested.

*Hoog-Watson v. Guadalupe County*, 591 F.3d 431, 438 (5th Cir. 2009) (internal citations and quotations omitted). Plaintiff has alleged that DA O'Connell sought an indictment in his case(s) and that ADA Schomburger prosecuted his second trial. This conduct is "intimately associated with the judicial phase of the criminal process." *Id*.

Plaintiff has not alleged any other conduct on either Defendants' part with relation to his convictions; even if there is some non-prosecutorial conduct to be inferred on the presiding judge's and the DA's parts from Plaintiff's allegations of a relationship, the Court need not address it given its determination under *Heck*, above.

Finally, Defendant McDermitt is exempt from this § 1983 suit because he was not acting under color of law. Two elements are necessary for recovery in a § 1983 suit: (1) the plaintiff must show the defendant deprived him of a right secured by the Constitution and laws of the United States; (2) the plaintiff must show the deprivation was committed under color of law, usually by a state official or a private individual in conspiracy with such an official. *Adickes v. Kress*, 398 U.S. 144, 149, 90 S. Ct. 1598, 1604, 26 L. Ed. 2d 142 (1970). Section 1983 does not cover claims against purely private parties and, therefore, does not constitute a cognizable federal claim. *See Richard v. Hoechst Celanese Chem. Group, Inc.*, 355 F.3d 345, 352 (5th Cir. 2003). Plaintiff does not allege any conspiracy between Mr. McDermitt and any state official. In fact, he explicitly alleges only that his former counsel failed to properly investigate his first conviction. *See* Complaint at 4a (PageID #5). That is purely a claim of ineffective assistance of counsel, which should be raised in the context

of a habeas petition, not in a § 1983 lawsuit.

In addition to the determination under *Heck*, above, Plaintiff has had several complaints dismissed on the basis of being frivolous, malicious, or failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915A(b)(1) and/or 1915(e)(2). The following three cases were dismissed as frivolous or for failure to state a claim upon which relief may be granted: *Hunter v. Cockrell*, 2:02cv77 (S.D. Tex. Jul 16, 2002); *Hunter v. Cockrell*, 9:02cv259 (E.D. Tex. Nov. 12, 2002); and *Hunter v. Cockrell*, 02-41667 (5th Cir. Apr. 22, 2003).

Congress decided to end the practice by inmates of repeatedly filing frivolous lawsuits and appeals when it passed the Prison Litigation Reform Act in 1996. An inmate may not file any lawsuits or appeals *in forma pauperis* if he has three or more lawsuits or appeals previously dismissed as "frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The provision was designed to stop the type of abusive litigious practices being employed by inmates such as the Plaintiff. Here, Plaintiff has moved to proceed *in forma pauperis* but had at least three lawsuits dismissed as frivolous prior to the filing of the present lawsuit, exceeding the limit permitted by Congress.

For that reason alone, the instant claim is susceptible to dismissal pursuant to 28 U.S.C. § 1915(g). Moreover, Plaintiff's claims do not give rise to an inference that he was under imminent danger of serious physical injury at the time he filed the lawsuit and sought to proceed *in forma pauperis*. Therefore, his complaint should be dismissed with prejudice pursuant to 28 U.S.C. § 1915(g).

Recommendation

It is therefore recommended that the Plaintiff's claims be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) and pursuant to the three-strikes provision of 28 U.S.C. § 1915(g).

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 26th day of January, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE